IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES B. WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   05-1333-WEB |
| ) | |
| CHASE COUNTY SHERIFF'S DEPARTMENT, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Memorandum and Order**

This matter is before the court on plaintiff James Watts' Motion to Alter or Amend Judgment (Doc. 6), Motion to Amend Complaint (Doc. 7), and Motion to Alter or Amend Judgment (Doc. 8).  The court has reviewed the motions but finds they do not show any grounds for relief or alteration of the judgment. Accordingly, they will be denied.

The court previously dismissed this action after determining that it was frivolous or failed to state a claim upon which relief could be granted.  *See* 28 U.S.C. § 1915(e)(2).  Plaintiff has now submitted additional motions arguing that his claim should be allowed to proceed.  A review of plaintiff's recent submissions, however, does not alter the court's prior conclusion that plaintiff fails to allege a valid non-frivolous claim for relief.

For example, plaintiff complains in general terms of various "illegalities against him," *see* Doc. 7 at 6-11, but fails to provide specific allegations showing any potentially valid claim.  He also argues that *Spencer v. Kenna*, 523 U.S. 1 (1998) shows that this court erroneously applied the bar of *Heck v. Humphrey* to his complaint, *see* Doc. 8 at 1-2, but plaintiff has not shown that this court's ruling was

erroneous.  *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000).  As far as the court can tell from the various pleadings, plaintiff is seeking to recover damages for one or more allegedly unconstitutional searches, arrests and/or prosecutions because he claims these unlawful actions caused him to be wrongfully convicted.  Under *Heck v. Humphrey*, such a § 1983 plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 486-87. Plaintiff has failed to allege such facts.

Plaintiff also asserts that the doctrine of *res judicata* should not be applied because he was not given a fair and full opportunity to litigate his claims of unlawful search.  Doc. 8 at 2-6.  He further claims that various officials engaged in a conspiracy to deprive him of equal protection of the laws.  *Id*  He merely alleges these claims in conclusory terms, however, without showing specific factual allegations that could support a claim.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

*Conclusion*.

Plaintiff's Motion to Alter or Amend Judgment (Doc. 6), Motion to Amend Complaint (Doc. 7), and Motion to Alter or Amend Judgment (Doc. 8) are DENIED.  IT IS SO ORDERED this  6th   Day of January, 2006, at Wichita, Ks.

                                             s/Wesley E. Brown
                                             Wesley E. Brown
                                             U.S. Senior District Judge